UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF RIVIERA BEACH GENERAL EMPLOYEES' RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>      Plaintiff,<br><br>    v.<br><br>VERTIV HOLDINGS CO, ROB JOHNSON, DAVID FALLON, JASON FORCIER, GARY NIEDERPRUEM, DAVID COTE, JOSEPH VAN DOKKUM, ROGER FRADIN, JACOB KOTZUBEI, MATTHEW LOUIE, EDWARD L. MONSER, STEVEN S. REINEMUND, ROBIN L. WASHINGTON, J.P. MORGAN SECURITIES LLC, GOLDMAN SACHS & CO. LLC, CITIGROUP GLOBAL MARKETS INC., VPE HOLDINGS, LLC, VERTIV JV HOLDINGS LLC, PE VERTIV HOLDINGS LLC, PLATINUM EQUITY, LLC, PLATINUM EQUITY INVESTMENT HOLDINGS, LLC, PLATINUM EQUITY INVESTMENT HOLDINGS MANAGER, LLC, PLATINUM EQUITY INVESTCO, L.P., PLATINUM EQUITY INVESTMENT HOLDINGS IC (CAYMAN), LLC, PLATINUM INVESTCO (CAYMAN), LLC, PLATINUM EQUITY INVESTMENT HOLDINGS III, LLC, PLATINUM EQUITY INVESTMENT HOLDINGS MANAGER III, LLC, and TOM GORES,<br><br>      Defendants. | Case No. 1:22-cv-3572-GHW |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF
THE PUBLIC PENSION FUNDS FOR APPOINTMENT AS LEAD PLAINTIFF
<u>AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL</u>**

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

SUMMARY OF THE ACTION ................................................................................................ 4

ARGUMENT .............................................................................................................................. 5

    A.    The Public Pension Funds Are the Most Adequate Plaintiff ................................. 5

        1.    The Public Pension Funds' Motion Is Timely ............................................. 6

        2.    The Public Pension Funds Have the Largest Financial Interest in
the Relief Sought by the Class ...................................................................... 6

        3.    The Public Pension Funds Satisfy the Requirements of Rule 23 ................. 7

        4.    The Public Pension Funds are Precisely The Type of Lead Plaintiff
Envisioned By The PSLRA .......................................................................... 8

    B.    The Public Pension Funds Selected Well-Qualified Counsel
to Represent the Class ........................................................................................... 12

CONCLUSION ............................................................................................................................ 15

# **TABLE OF AUTHORITIES**

**CASES** **PAGE(S)**

*In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*,
   258 F.R.D. 260 (S.D.N.Y. 2009) ...................................................................................9, 11

*Bricklayers' & Allied Craftworkers Loc. #2 Albany, NY Pension Fund v. New
   Oriental Educ. & Tech. Grp. Inc.*,
   No. 1:22-cv-01014-VM, ECF No. 48 (S.D.N.Y. May 13, 2022) .............................................15

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001)......................................................................................................9

*Chung v. Eargo, Inc.*,
   No. 3:21-cv-08597-CRVB, ECF No. 36 (N.D. Cal. Jan. 5, 2022) ..........................................15

*City of Miami Fire Fighters' & Police Officers' Ret. Tr. v. Cerence Inc.*,
   No. 1:22-cv-10321-ADB, 2022 WL 1505907 (D. Mass. May 12, 2022)................................15

*City of Sunrise Firefighters' Pension Fund v. Oracle Corp.*,
   No. 5:18-cv-04844, ECF No. 122 (N.D. Cal. May 9, 2022)....................................................15

*Faig v. BioScrip, Inc.*,
   No. 13 Civ. 06922(AJN), 2013 WL 6705045 (S.D.N.Y. Dec. 19, 2013)..................................5

*Glauser v. EVCI Career Colls. Holding Corp.*,
   236 F.R.D. 184 (S.D.N.Y. 2006) ...............................................................................................8

*Hom v. Vale, S.A.*,
   No. 1:15-cv-9539-GHW, 2016 WL 880201 (S.D.N.Y. Mar. 7, 2016)..........................6, 7, 8, 9

*Homyk v. ChemoCentryx, Inc.*,
   No. 4:21-cv-03343-JST, ECF No. 32 (N.D. Cal. Jan. 28, 2022) .............................................15

*In re Mattel, Inc. Sec. Litig.*,
   No. 2:19-cv-10860, 2021 WL 4704578 (C.D. Cal. Oct. 6, 2021) ...........................................15

*Mustafin v. GreenSky, Inc.*,
   No. 18 Civ. 11071 (PAE), 2019 WL 1428594 (S.D.N.Y. Mar. 29, 2019) ...............................11

*In re Myriad Genetics, Inc. Sec. Litig.*,
   No. 2:19-cv-00707-DBB, 2021 WL 5882259 (D. Utah Dec. 13, 2021)..................................15

*Reimer v. Ambac Fin. Grp., Inc.*,
   No. 08 Civ. 411(NRB), 2008 WL 2073931 (S.D.N.Y. May 9, 2008)......................................11

*Emps.' Ret. Fund of the City of Fort Worth v. James River Grp. Holdings, Ltd.*,
   No. 3:21-cv-0044-MHL, ECF No. 20 (E.D. Va. Sept. 22, 2021) ............................................. 15

*SEB Inv. Mgmt. AB v. Symantec Corp.*,
   No. C 18-02902 WHA, 2021 WL 1540996 (N.D. Cal. Apr. 20, 2021) ................................... 15

*In re Wells Fargo & Co. Sec. Litig.*,
   No. 20-cv-4494, ECF No. 59 (S.D.N.Y.) ........................................................................... 9, 13

*Yoshikawa v. Exxon Mobil Corp.*,
   No. 3:21-cv-00194-N, ECF No. 43 (N.D. Tex. June 10, 2021) ............................................... 15

**STATUTES AND RULES**

15 U.S.C. § 78u-4 *et seq.* ................................................................................................ *passim*

Fed. R. Civ. P. 23(a)(4) .......................................................................................................... 8

**OTHER AUTHORITIES**

H.R. Conf. Rep. No. 104-327 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730 (1995) ....................... 9

S. Rep. No. 104-98 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679 (1995) ................................... 8

Louisiana Sheriffs' Pension & Relief Fund ("Louisiana Sheriffs"), Orlando Police Pension Fund ("Orlando Police"), City of Plantation General Employees Retirement System ("Plantation Employees"), Riviera Beach Municipal Firefighters' Pension Trust Fund ("Riviera Beach Fire"), and City of Riviera Beach General Employees' Retirement System ("Riviera Beach Employees") (collectively, the "Public Pension Funds") respectfully submit this memorandum of law in support of their motion, pursuant to Section 27(a)(3)(B) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B), and Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), for entry of an order: (1) appointing the Public Pension Funds as Lead Plaintiff for a class (the "Class") of all persons or entities that purchased shares of Vertiv Holdings Co's ("Vertiv" or the "Company") Class A common stock between February 24, 2021, and February 23, 2022, inclusive (the "Class Period"), and/or purchased Vertiv shares in or traceable to the Company's secondary public offering of Class A common stock conducted on or around November 4, 2021 (the "SPO"); (2) approving their selection of Bernstein Litowitz Berger & Grossmann LLP ("Bernstein Litowitz") and Saxena White P.A. ("Saxena White") as Lead Counsel for the Class; and (3) for any such further relief as the Court may deem just and proper.

**PRELIMINARY STATEMENT**

On May 3, 2022, Riviera Beach Employees filed the above-captioned action alleging that Vertiv and other defendants (collectively, "Defendants") defrauded investors in violation of Sections 11, 12(a)(2), and 15 of the Securities Act, 15 U.S.C. §§ 77k, 77l, 77o, and Sections of 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b), 78t(a), and U.S. Securities and Exchange

Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.[1]  Specifically, the action alleges that Vertiv investors suffered substantial losses after the Company admitted that it had instituted tighter controls over its sales force to constrict their ability to "discount to grow the backlog and grow the business"—indicating that the sales force was actually offering discounted product during the Class Period rather than adhering to the Company's "pricing initiatives" as Vertiv had previously stated.

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(i).[2]  In that regard, the Court is required to determine which movant has the "largest financial interest" in the relief sought by the Class in this litigation, and also whether that movant has made a *prima facie* showing that it is a typical and adequate Class representative under Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  For the reasons set forth below, the Public Pension Funds are the "most adequate plaintiff" by virtue of, among other things, the approximately $2.3 million in losses, as calculated on a last-in, first-out ("LIFO") basis, that they incurred on their purchases of approximately 190,000 shares of Vertiv stock during the Class Period, including shares purchased on the SPO.[3]

---

[1] On March 24, 2022, a similar securities class action was filed in this District and assigned to this Court.  *See Vinings v. Vertiv Holdings Co*, No. 1:22-cv-02416-GHW (S.D.N.Y) ("*Vinings*"), ECF No. 1 (asserting substantially similar claims under the Exchange Act).  On May 5, 2022, the above-captioned action was accepted as related to the *Vinings* action and assigned to this Court.  On May 13, 2022, the plaintiff in the *Vinings* action filed a notice of voluntary dismissal without prejudice, *see Vinings*, ECF No. 13, and, on May 16, 2022, the Court entered an order directing the Clerk to close the case, *see id.*, ECF No. 14.

[2] Because the relevant provisions in the Exchange Act and Securities Act are identical, this memorandum cites solely to the Exchange Act.

[3] The Public Pension Funds' PSLRA-required Certifications are attached as Exhibit A to the Declaration of Hannah Ross in Support of the Motion of the Public Pension Funds for Appointment as Lead Plaintiff and Approval of Their Selection of Lead Counsel (the "Ross Decl.").  In addition, charts providing calculations of the Public Pension Funds' losses are provided as Exhibit B to the Ross Decl.

In addition to asserting the largest financial interest, the Public Pension Funds readily satisfy the relevant requirements of Rule 23 because their claims are typical of all members of the Class and they will fairly and adequately represent the Class.  The Public Pension Funds are a paradigmatic Lead Plaintiff under the PSLRA because they are sophisticated institutional investors with a real financial interest in the litigation, and have extensive experience supervising the work of outside counsel.

Further, as set forth in greater detail in their Joint Declaration submitted herewith, the Public Pension Funds fully understand the Lead Plaintiff's obligations to the Class under the PSLRA, and are willing and able to undertake the responsibilities of the Lead Plaintiff to ensure the vigorous prosecution of this action.[4]  Prior to seeking a role as Lead Plaintiff, representatives from the Public Pension Funds held a conference call to discuss, among other things, the merits of the claims against Defendants as well as their respective funds' common goals in the litigation. *See* Ross Decl., Ex. C ¶ 14.  In addition, together, the Public Pension Funds have standing to assert all available securities claims against all culpable parties—demonstrating that they will provide the best possible protection to the Class.  *See id.* ¶¶ 9, 12.

Finally, the Public Pension Funds have demonstrated their adequacy through their selection of proposed Lead Counsel Bernstein Litowitz and Saxena White, law firms with substantial experience in successfully prosecuting securities class actions and one of which investigated and expanded the scope of the allegations against Defendants.  Accordingly, the Public Pension Funds respectfully request that the Court appoint them Lead Plaintiff and otherwise grant their motion.

---

[4] *See* Joint Declaration in Support of the Motion of the Public Pension Funds for Appointment as Lead Plaintiff and Approval of Their Selection of Lead Counsel ("Joint Declaration"), Ross Decl., Ex. C.

## SUMMARY OF THE ACTION

Based in Columbus, Ohio, Vertiv designs, manufactures, and services critical digital infrastructure technologies and lifecycle services for data centers, communication networks, and commercial and industrial environments. Vertiv offers software products as well as a range of hardware products to its customers throughout the global data center industry. In connection with its hardware business, Vertiv engages in manufacturing and global supply-chain logistics that are susceptible to cost fluctuation deriving from the inflation of material, manufacturing, and supply-chain pricing.

The Company was established in 2016 after Platinum Equity acquired Emerson Electric Co.'s network-power division for $4 billion and rebranded it as "Vertiv." On Februrary 7, 2020 Vertiv went public through a merger with GS Acquisition Holdings Corp., a special purpose acquisition company ("SPAC"). On or around November 4, 2021, Vertiv conducted the SPO pursuant to a registration statement that the Company filed on February 7, 2020 and declared effective with the SEC on February 7, 2020.

The action alleges that, throughout the Class Period, including in connection with the SPO, Vertiv repeatedly made false and misleading statements about its ability to properly price its products and services in order to avoid eroding margins and thus maintain profitability. The Company touted its robust pricing capabilities, which purportedly enabled it to improve the Company's operating margins even in the face of rising global inflation and constrained supply chains. The Company also made repeated public reassurances to its investors that Vertiv had the ability to pass on rising costs to the Company's customer base. As a result of these misrepresentations, Vertiv shares traded at artificially inflated prices throughout the Class Period.

The truth emerged on February 23, 2022, when the Company released its fourth quarter and full year results and revealed that its adjusted operating income was 43% below the low end of management's own guidance range. The Company attributed its dismal financial performance to unprecedented inflation and supply-chain expenditures while admitting that the Company had "underestimated [its] ability to get price historically, not just currently, but historically." The Company also admitted that it had instituted tighter controls over its sales force to remove their ability to "discount to grow the backlog and grow the business"—indicating that the sales force was actually offering discounted product during the Class Period rather than adhering to the Company's "pricing initiatives" as Vertiv had stated. As a result of these disclosures, Vertiv's stock declined by $7.19 per share, or nearly 37%.

The precipitous decline in the price of Vertiv stock prompted by these disclosures caused the Class to incur significant losses.

## ARGUMENT

### A.  The Public Pension Funds Are the Most Adequate Plaintiff

The Public Pension Funds respectfully submit that they should be appointed Lead Plaintiff because they are the movant that is "most capable of adequately representing the interests of class members."  15 U.S.C. § 78u-4(a)(3)(B)(i).  The PSLRA establishes a presumption for selecting a lead plaintiff that the "most adequate plaintiff" is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Faig v. BioScrip, Inc.*, No. 13 Civ. 06922(AJN), 2013 WL 6705045, at *2 (S.D.N.Y. Dec. 19, 2013) (discussing qualifications for lead plaintiff presumption).  As set forth below, the Public Pension Funds believe they are the "most adequate plaintiff" and should be appointed as Lead Plaintiff.

       **1.**       **The Public Pension Funds' Motion Is Timely**

Under the PSLRA, any Class member may move for appointment as Lead Plaintiff within 60 days of the publication of notice that the first action asserting substantially the same claims has been filed. *See* 15 U.S.C. § 78u-4(a)(3)(A). On March 24, 2022, the *Vinings* action was filed in this District. The same day, counsel for the plaintiff in the *Vinings* action published a notice on *Business Wire* alerting investors to the pendency of the action and informing them of the 60-day deadline to seek appointment as Lead Plaintiff, which is May 23, 2022. *See* Ross Decl., Ex. D. On May 3, 2022, Riviera Beach Employees filed the above-captioned action in this District, asserting substantially similar claims under the Exchange Act, but during an expanded class period of February 24, 2021 through February 23, 2022, as well as claims under the Securities Act in connection with misstatements and omissions made in connection with the SPO. That same day, counsel for Riviera Beach Employees, Bernstein Litowitz, published a notice on *Business Wire* alerting investors to the pendency of the above-captioned action, the expanded class period, and additional claims asserted in the action.[5] *See* Ross Decl., Ex. E.[6] As such, the Public Pension Funds' motion is timely.

       **2.**       **The Public Pension Funds Have the Largest Financial Interest in the Relief Sought by the Class**

The Public Pension Funds should be appointed Lead Plaintiff because they have the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u4(a)(3)(B)(iii)(I)(bb).

---

[5] The filing of a subsequent action asserting substantially similar claims does not alter the deadline to seek appointment as Lead Plaintiff. *See Hom v. Vale, S.A.*, No. 1:15-cv-9539-GHW, 2016 WL 880201, at *1 (S.D.N.Y. Mar. 7, 2016) (Woods, J.) (holding that "the PSLRA requires that notice be published in *only* the first filed action where more than one action is filed 'on behalf of a class asserting substantially the same claim or claims,'" even when the second complaint included a more expansive class period) (emphasis in original). Likewise, the fact that the *Vinings* action was subsequently voluntarily dismissed does not alter the deadline.

[6] That notice inadvertently listed the Lead Plaintiff motion deadline as May 24, but a correction was later issued reiterating the May 23 deadline. *See* Ross Decl., Ex. F.

As demonstrated herein, the Public Pension Funds sustained a loss of approximately $2.3 million, as calculated on a LIFO basis, on their Class Period purchases of approximately 190,000 shares of Vertiv common stock, including shares purchased on the SPO.  *See* Ross Decl., Exs. A & B.  To the best of the Public Pension Funds' knowledge, there is no other applicant seeking Lead Plaintiff appointment that has a larger financial interest in the litigation.  Accordingly, the Public Pension Funds have the largest financial interest of any qualified movant seeking Lead Plaintiff status and are the presumptive "most adequate plaintiff."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### 3. The Public Pension Funds Satisfy the Requirements of Rule 23

In addition to possessing the largest financial interest in the outcome of the litigation, the Public Pension Funds otherwise satisfy the requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc).  At the Lead Plaintiff appointment stage, a movant need only "make a preliminary showing that the adequacy and typicality requirements have been met."  *Vale*, 2016 WL 880201, at *6 (citation omitted).  The Public Pension Funds unquestionably satisfy both requirements.

The Public Pension Funds' claims are typical of the claims of other Class members. Typicality under Rule 23(a)(3) is satisfied where the movant's "claims arise from the same conduct from which the other class members' claims and injuries arise."  *Id*.  Here, the Public Pension Funds and all other Class members suffered the same injuries, their claims arise from the same course of events, and their legal arguments to prove Defendants' liability are nearly identical.  Like all other Class members, the Public Pension Funds: (1) purchased Vertiv common stock during the Class Period, (2) at prices artificially inflated by Defendants' materially false and misleading statements and/or omissions, and (3) were damaged as a result.  *See id*. (finding typicality satisfied where movant purchased "shares at artificially inflated prices during the class period, and were

7

injured by the false and misleading statements and omissions made by defendants in violation of federal securities laws"). As such, the Public Pension Funds satisfy the typicality requirement of Rule 23.

The Public Pension Funds likewise satisfy the adequacy requirement of Rule 23. Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). In order for the Class's interests to be fairly and adequately represented, the movant must show that: "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Vale*, 2016 WL 880201, at *6. The Public Pension Funds satisfy these elements because their substantial financial stake in the litigation provides the Public Pension Funds with the ability and incentive to vigorously represent the Class's claims. The Public Pension Funds' interests are perfectly aligned with those of the other Class members and are not antagonistic in any way. There are no facts to suggest any actual or potential conflict of interest or other antagonism between the Public Pension Funds and other Class members.

### 4. The Public Pension Funds Are Precisely the Type of Lead Plaintiff Envisioned by the PSLRA

In addition to satisfying the PSLRA's lead plaintiff provisions and the requirements of Rule 23, the Public Pension Funds are the paradigmatic Lead Plaintiff envisioned by Congress in its enactment of the PSLRA—sophisticated institutional investors with a substantial financial interest in the litigation. *See Glauser v. EVCI Career Colls. Holding Corp.*, 236 F.R.D. 184, 188 (S.D.N.Y. 2006) (noting that "the PSLRA was passed, at least in part, to increase the likelihood that institutional investors would serve as lead plaintiffs in [securities class] actions") (citation omitted); S. Rep. No. 104-98, at *11 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 690 (1995).

8

Congress explained that the PSLRA was formulated "to increase the likelihood that institutional investors will serve as lead plaintiff[]," in part because "[i]nstitutional investors and other class members with large amounts at stake will represent the interests of the plaintiff class more effectively than class members with small amounts at stake." *In re Cendant Corp. Litig.*, 264 F.3d 201, 244, 264 (3d Cir. 2001) (quoting H.R. Conf. Rep. No. 104-327, at *34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733 (1995)). The Public Pension Funds are well suited to fulfill this Congressional intent.

As discussed in their Joint Declaration, the Public Pension Funds have demonstrated their commitment to working together cohesively in the prosecution of this action. *See* Ross Decl., Ex. C ¶¶ 11-21; *see also In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 270 (S.D.N.Y. 2009) (appointing pension fund group and noting "declarations demonstrating cooperative efforts among" the group's members). The PSLRA expressly states that a "group of persons" is eligible to serve as Lead Plaintiff, 15 U.S.C. § 78u-4(a)(3)(B)(iii), and courts in this District, including this Court, and throughout the country have routinely appointed small groups of investors that have a substantial financial stake in the litigation, such as the Public Pension Funds, as Lead Plaintiff. *See In re Wells Fargo & Co. Sec. Litig.*, No. 20-cv-4494, ECF No. 59 at 1 (S.D.N.Y.) (appointing group of institutional investors) (Woods, J.); *Vale*, 2016 WL 880201, at *1 (same); *In re Bank of Am.*, 258 F.R.D. at 268-70 (same).

The Public Pension Funds comprise a small, cohesive group of sophisticated institutions that determined on their own to jointly seek appointment as Lead Plaintiff and prosecute this action independently of counsel and in the best interests of all Class members. *See* Ross Decl., Ex. C ¶¶ 9-11. As discussed in their Joint Declaration, the Public Pension Funds have demonstrated their commitment to working cohesively as a group in the prosecution of this action. *See id.* ¶¶ 13-17.

The Joint Declaration details the steps that the Public Pension Funds have already taken (and will continue to take) to ensure the vigorous prosecution of this action and to oversee counsel. *See id*. ¶¶ 14-20. Specifically, before seeking appointment as Lead Plaintiff, representatives from the Public Pension Funds participated in a conference call and discussed together, among other things: their losses arising from Defendants' misconduct and their strategy for prosecuting this case; the strength of the claims against Defendants; and their common goals in ensuring that this action is litigated as efficiently as possible and that the Class receives the best possible result. *See id*. ¶ 14. The Public Pension Funds have established channels of communication so they can consult with one another, both with and without counsel, throughout the pendency of this action. *See id*. ¶ 15.

The Joint Declaration also explains how and why the Public Pension Funds decided to collaborate in this litigation. Specifically, before seeking Lead Plaintiff appointment, representatives of the Public Pension Funds considered the merits of the claims against Defendants, their losses caused by Defendants' fraud, and their proposed litigation strategy. *See id*. ¶¶ 9-10, 14. Through the course of those deliberations, the Public Pension Funds each independently expressed an interest in seeking to cooperate with like-minded institutional investors in seeking appointment as Lead Plaintiff. *See id*. ¶¶ 9-13. After learning of the complaint filed by Riviera Beach Employees and the steps Riviera Beach Employees had taken to protect the interests of the Class, the other members of the Public Pension Fund determined that it would be in their and other Class members' best interests to seek appointment as Lead Plaintiff jointly with Riviera Beach Employees. *See id.* ¶ 10. Similarly, recognizing that the other members of the Public Pension Funds were familiar and like-minded institutional investors that incurred a substantial loss on its investments in Vertiv stock during the Class Period and were interested in seeking a leadership role in the action, Riviera Beach Employees agreed that it would be in its and

other Class members' best interests to jointly seek appointment with the other members of the Public Pension Funds. *See id.* The Public Pension Funds' decision to partner was also informed by their experience serving as lead plaintiffs in other securities class actions and supervising the work of outside counsel. *See id*. ¶¶ 3, 10, 13.

Based on the Public Pension Funds' understanding that working together would allow for the sharing of experiences and resources, their shared goals as fiduciaries, and their prior experience in litigating securities class actions, including as members of small, cohesive lead plaintiff groups, they believed that partnering would add substantial value to the prosecution of this action and would benefit the Class. *See id*. ¶¶ 11, 13. The Public Pension Funds are also ideally suited to lead this litigation given that they have standing to assert claims under both the Exchange Act and the Securities Act—thereby ensuring all possible claims can be asserted against all culpable parties. Such a partnership will provide the Class with the broadest possible protection. *See id.* ¶ 12.

In sum, the Public Pension Funds have demonstrated their willingness, resources, and experience and commitment to working closely with one another to supervise Lead Counsel and obtain the best possible recovery for the Class. In other words, the Public Pension Funds are precisely the type of institutional investors that Congress sought to empower as Lead Plaintiff when enacting the PSLRA. *See, e.g.*, *Mustafin v. GreenSky, Inc.*, No. 18 Civ. 11071 (PAE), 2019 WL 1428594, at *5 (S.D.N.Y. Mar. 29, 2019) (appointing group of three institutions that "pledge[d] to work closely together to vigorously prosecute the claims on behalf of the class"); *In re Bank of Am.*, 258 F.R.D. at 270 (appointing group of institutions as lead plaintiff that submitted declaration detailing discussions regarding "plans for joint oversight over the litigation and joint supervision of counsel"); *Reimer v. Ambac Fin. Grp., Inc.*, No. 08 Civ. 411(NRB), 2008 WL

2073931, at *3 (S.D.N.Y. May 9, 2008) (appointing group of institutions that demonstrated they were "cooperating and pursuing the litigation separately and apart from their lawyers").

### B. The Public Pension Funds Selected Well-Qualified Counsel to Represent the Class

The PSLRA provides that the Lead Plaintiff is to select and retain counsel to represent the Class it seeks to represent, subject to Court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Lead Plaintiff's choice of counsel is not to be disturbed unless doing so is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). The Court should approve the Public Pension Funds' selection here.

As set forth in their respective firm résumés, proposed Lead Counsel Bernstein Litowitz and Saxena White each have significant experience prosecuting complex litigation on behalf of aggrieved shareholders. *See* Ross Decl., Exs. G & H. Both firms have achieved substantial recoveries on behalf of investor classes when serving as lead or co-lead counsel in major securities class actions nationwide.

Bernstein Litowitz is among the preeminent securities class action law firms in the country. Bernstein Litowitz served as lead counsel in *In re WorldCom, Inc. Securities Litigation*, No. 02-cv-3288 (S.D.N.Y.), in which settlements totaling in excess of $6 billion—one of the largest recoveries in securities class action history and the largest in this District—were obtained for the class. More recently, Bernstein Litowitz secured a resolution of $2.43 billion in *In re Bank of America Corp. Securities, Derivative & ERISA Litigation*, No. 09-md-2058 (S.D.N.Y.), and a $1.06 billion recovery in *In re Merck & Co., Inc. Securities, Derivative & "ERISA" Litigation*, No. 05-cv-1151 (D.N.J.), on behalf of the respective classes.

Other significant examples in which courts in this District, including this Court, have recognized Bernstein Litowitz as adequate and qualified class counsel in securities class actions

include: *In re Nortel Networks Corp. Securities Litigation*, No. 05-md-1659 (S.D.N.Y.) (recovering $1.07 billion for investors); *In re Citigroup Inc. Bond Litigation*, No. 08-cv-9522 (S.D.N.Y.) (recovering $730 million for investors); *In re Wachovia Preferred Securities and Bond/Notes Litigation*, No. 09-cv-6351 (S.D.N.Y.) (recovering $627 million for investors); *In re Lehman Brothers Equity/Debt Securities Litigation*, No. 09-md-2017 (S.D.N.Y) (recovering $516 million for investors); *In re MF Global Holdings Limited Securities Litigation*, No. 11-cv-7866 (S.D.N.Y.) (recovering $234.3 million for investors); *In re JPMorgan Chase & Co. Securities Litigation*, No. 12-cv-3852 (S.D.N.Y.) (recovering $150 million for investors); and *In re Wells Fargo & Company Securities Litigation*, No. 20-cv-4494 (S.D.N.Y.) (Woods, J.) (Bernstein Litowitz currently serving a co-lead counsel).

Saxena White likewise has extensive experience in successfully prosecuting complex litigation on behalf of shareholders and has served as lead or co-lead counsel in major securities class actions nationwide. Saxena White's track record serving as lead or co-lead counsel in securities class actions include: *Peace Officers Annuity and Benefit Fund of Georgia v. DaVita Inc.*, No. 17-cv-304 (D. Colo.) (recovering $135 million); *Central Laborers' Pension Fund v. SIRVA, Inc.*, No. 04-cv-7644 (N.D. Ill.) (recovering $53 million); *In re HD Supply Holdings, Inc. Securities Litigation*, No. 17-cv-2587 (N.D. Ga.) (recovering $50 million); *City Pension Fund for Firefighters and Police Officers in the City of Miami Beach v. Aracruz Celulose, S.A.*, No. 08-cv-23317 (S.D. Fla.) (recovering $37.5 million); *In re Perrigo Company PLC Securities Litigation*, No. 19-cv-70 (S.D.N.Y.) (recovering $31.9 million); *Westchester Putnam Counties Heavy & Highway Laborers Local 60 Benefit Funds v. Brixmor Property Group, Inc.*, No. 16-cv-02400 (S.D.N.Y.) (recovering $28 million); *In re Sadia S.A. Securities Litigation*, No. 08-cv-09528 (S.D.N.Y.) (recovering $27 million); and *Plymouth County Retirement System v. GTT*

13

*Communications, Inc.*, No. 19-cv-982 (E.D. Va.) (recovering $25 million). Additionally, Saxena White achieved a remarkable settlement valued at $320 million, including $240 million in cash, in *In re Wells Fargo & Co. Shareholder Derivative Litigation*, No. 16-cv-5541 (N.D. Cal.)—one of the largest shareholder derivative settlements in history. Furthermore, as a federally certified woman- and minority-owned firm specializing in representing institutional investors in securities litigation, Saxena White is deeply committed to the important goal of increasing diversity among class counsel.

Bernstein Litowitz and Saxena White also have a long history of working together in the prosecution of securities class actions on behalf of injured investors. For instance, Bernstein Litowitz and Saxena White, serving as co-lead counsel, secured a $210 million recovery for the class in *In re Wilmington Trust Securities Litigation*, No. 10-cv-990 (D. Del.), which represents the second-largest securities class action recovery in Delaware history, and constituted an extraordinary recovery of nearly 40% of the class's maximum likely recoverable damages. The two firms also successfully served as co-lead counsel in *In re Rayonier Inc. Securities Litigation*, No. 14-cv-1395 (M.D. Fla.) (recovering $73 million for the class); *In re Tower Group International, Ltd. Securities Litigation*, No. 13-cv-5852 (S.D.N.Y.) (recovering $20.5 million for the class); and *In re Merit Medical Systems, Inc. Securities Litigation*, No. 19-cv-2326 (C.D. Cal.) (recovering $18.25 million for the class). Furthermore, Bernstein Litowitz and Saxena White are currently serving together as co-lead counsel in *In re James River Group Holdings, Ltd. Securities Litigation*, No. 21-cv-444 (E.D. Va.), and *City of Miami Fire Fighters' and Police Officers' Retirement Trust v. Cerence Inc.*, No. 1:22-cv-10321 (D. Mass.).[7]

---

[7] Separately, the Public Pension Funds bring to the Court's attention an order issued by the United States District Court for the Northern District of California in an unrelated action where Bernstein Litowitz has been serving as lead counsel for lead plaintiff SEB Investment Management AB, and class counsel for the

14

Thus, the Court may be assured that by granting the Public Pension Funds' motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve the Public Pension Funds' selection of Bernstein Litowitz and Saxena White as Lead Counsel.

## CONCLUSION

For the reasons discussed above, the Public Pension Funds respectfully requests that the Court: (1) appoint them as Lead Plaintiff; (2) approve their selection of Bernstein Litowitz and Saxena White as Lead Counsel for the Class; and (3) grant any such further relief as the Court may deem just and proper.

---

certified class. *See SEB Inv. Mgmt. AB v. Symantec Corp.*, No. C 18-02902 WHA, 2021 WL 1540996, at *1 (N.D. Cal. Apr. 20, 2021) (Ross Decl., Ex. I). There, counsel for an unsuccessful lead plaintiff movant raised questions about Bernstein Litowitz's hiring of a former employee of the lead plaintiff. Following discovery and extensive briefing, the court allowed Bernstein Litowitz to continue as class counsel. *See id.* at *1-2. The court nevertheless ordered Bernstein Litowitz to bring the order to the attention of the court when seeking appointment as class counsel, and also to the decision maker for the proposed lead plaintiff who selects class counsel. *See id.* at *2. Importantly, the Symantec court recently granted final approval for a $70 million settlement achieved by SEB Investment Management AB and Bernstein Litowitz. In addition, courts have repeatedly approved Bernstein Litowitz as lead counsel in securities class actions after being apprised of the Symantec order. *See* Decision and Order, *Bricklayers' & Allied Craftworkers Loc. #2 Albany, NY Pension Fund v. New Oriental Educ. & Tech. Grp. Inc.*, No. 1:22-cv-01014-VM, ECF No. 48 (S.D.N.Y. May 13, 2022) (Ross Decl., Ex. J); *City of Miami Fire Fighters' & Police Officers' Ret. Tr. v. Cerence Inc.*, No. 1:22-cv-10321-ADB, 2022 WL 1505907, at *2 (D. Mass. May 12, 2022) (approving lead plaintiff's selection of Bernstein Litowitz and Saxena White as lead counsel); Order Granting Motion to Consolidate, Appointing Lead Plaintiff, and Approving Selection of Counsel, *Homyk v. ChemoCentryx, Inc.*, No. 4:21-cv-03343-JST, ECF No. 32 at 6 (N.D. Cal. Jan. 28, 2022) ("The Court finds [lead plaintiff's] choice of lead counsel to be reasonable, and thus approves it.") (Ross Decl., Ex. K); Stipulation and Order Appointing IBEW Local 353 Pension Plan and Xiaobin Cai as Lead Plaintiff, Approving Their Selection of Lead Counsel, and Consolidating Actions, *Chung v. Eargo, Inc.*, No. 3:21-cv-08597-CRVB, ECF No. 36 (N.D. Cal. Jan. 5, 2022) (Ross Decl., Ex. L); Order, *Emps.' Ret. Fund of the City of Fort Worth v. James River Grp. Holdings, Ltd.*, No. 3:21-cv-0044-MHL, ECF No. 20 (E.D. Va. Sept. 22, 2021) (Ross Decl., Ex. M); Order, *Yoshikawa v. Exxon Mobil Corp.*, No. 3:21-cv-00194-N, ECF No. 43 at 3 (N.D. Tex. June 10, 2021) (finding that "the requirements of Rule 23" were 'satisf[ied]") (Ross Decl., Ex. N). Bernstein Litowitz was also recently appointed class counsel in *City of Sunrise Firefighters' Pension Fund v. Oracle Corp.*, No. 5:18-cv-04844, ECF No. 122 at 8, 19 (N.D. Cal. May 9, 2022) (Ross Decl., Ex. O), *In re Myriad Genetics, Inc. Securities Litigation*, No. 2:19-cv-00707-DBB, 2021 WL 5882259, at *13 (D. Utah Dec. 13, 2021), and *In re Mattel, Inc. Securities Litigation*, No. 2:19-cv-10860, 2021 WL 4704578, at *7 (C.D. Cal. Oct. 6, 2021), after those courts were informed of the Symantec order.

15

Dated: May 23, 2022   Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER**
   **& GROSSMANN LLP**

*/s/ Hannah Ross*
Hannah Ross
Avi Josefson
Scott R. Foglietta
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
hannah@blbglaw.com
avi@blbglaw.com
scott.foglietta@blbglaw.com

**SAXENA WHITE P.A.**

Maya Saxena
Joseph E. White III
Lester R. Hooker
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Telephone: (561) 394-3399
Facsimile: (561) 394-3382
msaxena@saxenawhite.com
jwhite@saxenawhite.com
lhooker@saxenawhite.com

*Counsel for Proposed Lead Plaintiff the Public Pension Funds and Proposed Lead Counsel for the Class*