UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITY OF RIVIERA BEACH GENERAL EMPLOYEES' RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>VERTIV HOLDINGS CO, ROB JOHNSON, DAVID FALLON, JASON FORCIER, GARY NIEDERPRUEM, DAVID COTE, JOSEPH VAN DOKKUM, ROGER FRADIN, JACOB KOTZUBEI, MATTHEW LOUIE, EDWARD L. MONSER, STEVEN S. REINEMUND, ROBIN L. WASHINGTON, J.P. MORGAN SECURITIES LLC, GOLDMAN SACHS & CO. LLC, CITIGROUP GLOBAL MARKETS INC., VPE HOLDINGS, LLC, VERTIV JV HOLDINGS LLC, PE VERTIV HOLDINGS LLC, PLATINUM EQUITY, LLC, PLATINUM EQUITY INVESTMENT HOLDINGS, LLC, PLATINUM EQUITY INVESTMENT HOLDINGS MANAGER, LLC, PLATINUM EQUITY INVESTCO, L.P., PLATINUM EQUITY INVESTMENT HOLDINGS IC (CAYMAN), LLC, PLATINUM INVESTCO (CAYMAN), LLC, PLATINUM EQUITY INVESTMENT HOLDINGS III, LLC, PLATINUM EQUITY INVESTMENT HOLDINGS MANAGER III, LLC, and TOM GORES,<br><br>　　　　Defendants. | Case No. 1:22-cv-3572-GHW |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE PUBLIC PENSION FUNDS' UNOPPOSED MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF THEIR SELECTION OF LEAD COUNSEL**

Presumptive Lead Plaintiff the Public Pension Funds have filed a timely motion, pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B), for entry of an Order: (1) appointing the Public Pension Funds as Lead Plaintiff for the Class; (2) approving their selection of Bernstein Litowitz and Saxena White as Lead Counsel for the Class; and (3) for any such further relief as the Court may deem just and proper.[1]  *See* ECF No. 9.  Only one other Class member filed a motion for appointment as Lead Plaintiff—a group of two benefits funds, Excavators Union Local 731 Pension and Welfare Funds ("Excavators Group")—and has since filed a notice of non-opposition to the Public Pension Funds' motion, acknowledging that the Excavators Group "does not possess the largest individual financial interest among the various movants."  ECF No. 14 at 1.

The PSLRA states that the presumptive lead plaintiff in a securities class action is the movant with the largest financial interest that also meets the typicality and adequacy requirements of Rule 23.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  With a loss in excess of $2.3 million, the Public Pension Funds have the largest financial interest in this action.  *See Hom v. Vale, S.A.*, No. 1:15-cv-9539-GHW, 2016 WL 880201, at *3 (S.D.N.Y. Mar. 7, 2016) (Woods, J.) (finding that courts "place the most emphasis on . . . the approximate losses suffered" in determining the largest financial interest); *Rosi v. Alcaris Therapeutics, Inc.*, No. 19-CV-7118 (LTS) (JLC), 2019 WL 5778445, at *3 (S.D.N.Y. Nov. 6, 2019) ("[T]he largest loss, is considered by most courts to be the critical ingredient in determining the largest financial interest.").  The Public Pension Funds' loss is ***nearly three times greater*** than the loss claimed by the Excavators Group.  *Compare* ECF No. 11-2 *with* ECF No. 8-3 (movant loss analyses).

---

[1] All defined terms take their meanings from the Public Pension Funds' opening brief.  *See* ECF No. 10.  In addition, all citations and internal quotations are omitted, and all emphasis is added unless otherwise noted.



In fact, one of the Public Pension Funds—Louisiana Sheriffs—alone has a larger loss than the combined losses of both members of the Excavators Group. *See* ECF No. 11-2 at 2; *see also Goldstein v. Puda Coal, Inc.*, 827 F. Supp. 2d 348, 356 (S.D.N.Y. 2011) (finding propriety of movant group supported by one group member having an individual loss that exceeded the losses of other competing movants); *Crass v. Yalla Grp. Ltd.*, No. 21 Civ. 6854 (PAE), 2021 WL 5181008, at *5 (S.D.N.Y. Nov. 8, 2021) (same). Recognizing this fact, the Excavators Group does not oppose the Public Pension Funds' appointment, acknowledging that the Excavators Group lacks the largest financial interest. *See* ECF No. 14 at 1; *Alcaris Therapeutics*, 2019 WL 5778445, at *3 (finding movant satisfied largest financial interest requirement when only other movant filed notice of non-opposition and "[n]o other plaintiff has come forward and demonstrated a larger financial stake").

There is also no dispute that the Public Pension Funds satisfy Rule 23's requirements. *See* ECF No. 10 at 7-8. The Public Pension Funds are sophisticated institutional investors that are committed to actively prosecuting this litigation and have chosen counsel with extensive experience prosecuting securities class actions. *See id.* at 8-15; ECF Nos. 11-7, 11-8; *see also Reitan v. China Mobile Games & Ent. Grp., Ltd.*, 68 F. Supp. 3d 390, 396 (S.D.N.Y. 2014) ("many courts have demonstrated a clear preference for institutional investors to be appointed as lead

2

plaintiffs"); *Springer v. Code Rebel Corp.*, No. 16-cv-3492 (AJN), 2017 WL 838197, at *3 (S.D.N.Y. Mar. 2, 2017) ("There is a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel."). The Public Pension Funds also submitted evidence of their cohesiveness and ability to direct this litigation jointly and in the best interests of the Class. *See* ECF No. 11-3. As set forth in their Joint Declaration, the Public Pension Funds' due diligence prior to seeking appointment as Lead Plaintiff and retaining counsel demonstrates that they fully appreciate the Lead Plaintiff's role under the PSLRA to supervise the prosecution of the action in the best interests of the Class. *See id.* ¶¶ 14-21.

The Public Pension Funds' claims also are typical of those of the Class as they are based on purchases of Vertiv stock throughout the Class Period, including shares purchased on the SPO. The Public Pension Funds submitted a joint declaration with their motion attesting that, based upon their significant investments and losses in Vertiv, each is "highly motivated to recover the substantial losses" incurred by the Class and are keenly focused on "maximiz[ing] the Class's recovery." *Id.* ¶ 8. Moreover, unlike the Excavators Group, the Public Pension Funds have standing to assert claims under both the Exchange Act and the Securities Act, meaning they can represent the *entire* Class and ensure that all claims can be asserted against all culpable parties. *See id.* ¶¶ 6-7; *see also Cohen v. Luckin Coffee Inc.*, No. 1:20-cv-01293-LJL, 2020 WL 3127808, at *6 (S.D.N.Y. June 12, 2020) (noting logic of grouping of institutional investors to ensure "standing to bring claims under both the Securities Act and the . . . Exchange Act").

Courts in this District, including this Court, routinely appoint as lead plaintiff groups of investors that have demonstrated an ability to fairly and adequately represent the interests of the class. *See In re Wells Fargo & Co. Sec. Litig.*, No. 20-cv-4494, ECF No. 59 at 1 (S.D.N.Y.) (Woods, J.) (appointing group of four institutional investors, including Louisiana Sheriffs, as lead plaintiff); *Workman v. Namaste Techs., Inc.*, No. 1:18-CV-10830-GHW, 2019 WL 280948, at *4

(S.D.N.Y. Jan. 22, 2019) (Woods, J.) (appointing group of three investors as lead plaintiff); *In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 258 F.R.D. 260, 270 (S.D.N.Y. 2009) (appointing group of five investors as lead plaintiff).

As such, the Public Pension Funds are entitled to the strong presumption that they are the "most adequate plaintiff," which can only be rebutted through "exacting proof" of inadequacy or atypicality. *See In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 288 F.R.D. 26, 40 (S.D.N.Y. 2012). No such proof exists and, as discussed herein, the Public Pension Funds' motion is unopposed. Accordingly, the Public Pension Funds respectfully request that the Court grant their motion. *See Mustafin v. GreenSky, Inc.*, No. 18 Civ. 11071 (PAE), 2019 WL 1428594, at *4-6 (S.D.N.Y. Mar. 29, 2019) (declining to consider competing movants' motions where they filed notices of non-opposition and appointing as lead plaintiff group of institutional investors that demonstrated cohesion and coordination).

Dated: June 8, 2022

Respectfully submitted,

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**

*/s/ Hannah Ross*
Hannah Ross
Avi Josefson
Scott R. Foglietta
1251 Avenue of the Americas
New York, New York 10020
Telephone: (212) 554-1400
Facsimile: (212) 554-1444
hannah@blbglaw.com
avi@blbglaw.com
scott.foglietta@blbglaw.com

**SAXENA WHITE P.A.**

Maya Saxena
Joseph E. White III
Lester R. Hooker
7777 Glades Road, Suite 300
Boca Raton, FL 33434

Telephone: (561) 394-3399
Facsimile: (561) 394-3382
msaxena@saxenawhite.com
jwhite@saxenawhite.com
lhooker@saxenawhite.com

*Counsel for Proposed Lead Plaintiff the Public Pension Funds and Proposed Lead Counsel for the Class*

5