**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re Vertiv Holdings Co. Securities Litigation* | Case No. 1:22-cv-03572-GHW-OTW |

**THE PLATINUM DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF AND JOINING IN DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED CONSOLIDATED COMPLAINT[1]**

---

[1] The "Platinum Defendants" are Platinum Equity, LLC, Platinum Equity Investment Holdings, LLC, Platinum Equity Investment Holdings Manager, LLC, Platinum Equity InvestCo, L.P., Platinum Equity Investment Holdings IC (Cayman), LLC, Platinum InvestCo (Cayman), LLC, Platinum Equity Investment Holdings III, LLC, Platinum Equity Investment Holdings Manager III, LLC, VPE Holdings, LLC ("VPE Holdings"), Vertiv JV Holdings, LLC, and PE Vertiv Holdings LLC.

i

## <u>TABLE OF CONTENTS</u>

**Page**

I.      PRELIMINARY STATEMENT ...................................................................................1

II.     BACKGROUND ........................................................................................................1

III.    LEGAL STANDARD.................................................................................................2

IV.    ARGUMENT .............................................................................................................3

        A.      Plaintiffs Have Failed To Adequately Plead Control .................................3

        B.      Plaintiffs Fail To Allege That The Platinum Defendants Were Culpable
               Participants...................................................................................................6

V.      CONCLUSION...........................................................................................................6

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*In re Banco Bradesco S.A. Sec. Litig.*,
    277 F. Supp. 3d 600 (S.D.N.Y. 2017)..........................................................5

*In re BioScrip, Inc. Sec. Litig.*,
    95 F. Supp. 3d 711 (S.D.N.Y. 2015)..........................................................3, 4

*In re China Valves Tech. Sec. Litig.*,
    979 F. Supp. 2d 395 (S.D.N.Y. 2013).......................................................4

*In re Flag Telecom Hldgs., Ltd. Sec. Litig.*,
    352 F. Supp. 2d 429 (S.D.N.Y. 2005).......................................................4, 5

*Garnett v. RLX Tech. Inc.*,
    2022 WL 4632323 (S.D.N.Y. Sept. 30, 2022).........................................3

*In re Glob. Crossing, Ltd. Sec. Litig.*,
    2005 WL 1907005 (S.D.N.Y. Aug. 8, 2005)............................................3, 4

*Grupo Verzatec S.A. de C.V. v. RFE Inv. P'rs*,
    2019 WL 1437617 (S.D.N.Y. Mar. 29, 2019) .........................................5

*Ho v. Duoyuan Glob. Water, Inc.*,
    887 F. Supp. 2d 547 (S.D.N.Y. 2012).......................................................3, 5

*In re Lehman Bros. Mortg.-Backed Sec. Litig.*,
    650 F.3d 167 (2d Cir. 2011).......................................................................3

*P. Stolz Fam. P'ship, L.P. v. Daum*,
    166 F. Supp. 2d 871 (S.D.N.Y. 2001).......................................................6

*In re Smith Barney Transfer Agent Litig.*,
    884 F. Supp. 2d 152 (S.D.N.Y. 2012).......................................................5

*State Univs. Ret. Sys. of Ill. v. Astrazeneca PLC*,
    334 F. App'x 404, 407 (2d Cir. 2009).......................................................6

*Wandel v. Gao*,
    590 F. Supp. 3d 630 (S.D.N.Y. 2022).......................................................2

*In re Weight Watchers Int'l Inc. Sec. Litig.*,
    504 F. Supp. 3d 224 (S.D.N.Y. 2020).......................................................4, 5, 6

**STATUTES**

15 U.S.C. § 77o..........................................................................................................................................2

## I.      PRELIMINARY STATEMENT[2]

VPE Holdings, one of the Platinum Defendants, is a minority investor in the publicly owned company Vertiv Holdings Co. ("Vertiv").  The rest of the Platinum Defendants are alleged to be the ultimate owners or beneficiaries of VPE Holdings.  On the basis of this stock ownership and corporate structure, Plaintiffs claim the Platinum Defendants collectively "controlled" Vertiv for purposes of certain alleged misstatements Vertiv made in an SEC filing for Vertiv's secondary public offering and thus each is liable under Section 15 of the Securities Act of 1933 ("Securities Act").  To be clear, Plaintiffs do not claim that any of the Platinum Defendants made any of the alleged misstatements or are directly liable under Sections 11 or 12(a)(2) of the Securities Act. Plaintiffs theory is instead that the Platinum Defendants are secondarily liable for the other defendants' claimed violations of Sections 11 and 12(a)(2).

Plaintiffs' secondary liability claims against the Platinum Defendants fail from the start because, as demonstrated in the Vertiv Motion, Plaintiffs fail to state the predicate primary violation.  Moreover, these claims fail for two additional reasons.  First, the few facts Plaintiffs allege about the Platinum Defendants do not demonstrate that they actually controlled Vertiv. Second, the Complaint does not include any factual allegations about the Platinum Defendants' actual involvement with Vertiv's alleged misstatements, much less that they engaged in misconduct.

## II.     BACKGROUND

Platinum Equity, LLC is a global investment firm headquartered in Beverly Hills, California ("Platinum Equity").  AC ¶ 239.  Platinum Equity has a network of affiliate entities named in this action, and collectively, according to the Complaint, Platinum Equity and its

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Amended Consolidated Complaint ("Complaint" or "AC").  The Platinum Defendants join in, adopt, and incorporate by reference the relevant background and arguments made in Vertiv's Memorandum of Law in Support of Defendants' Motion to Dismiss the Amended Consolidated Complaint ("Vertiv Motion").  Citations to "Ex." are to exhibits to the Declaration of Audra J. Soloway.

affiliates are the owners and beneficiaries of the entity that is the majority owner of VPE Holdings, which is a minority stockholder of Vertiv.[3]  *Id.* ¶¶ 237–38 & n.11.

Vertiv went public via a merger with GS Acquisition Holdings Corp. on February 7, 2020. *Id.* ¶ 249.  Following the completion of this merger, VPE Holdings' ownership stake in Vertiv was reduced to 38% of the outstanding common stock.  *Id.*  On November 4, 2021, Vertiv completed a secondary public offering of Class A common stock at a price of $25 per share (the "SPO") in which VPE Holdings sold a portion of its Vertiv stock.  *Id.* ¶¶ 1, 57.  Prior to the SPO, VPE Holdings owned 15.9% of Vertiv's outstanding common stock and afterwards it held 10.6%.  *Id.* ¶ 251.

Pursuant to a Stockholders' Agreement entered into at the time Vertiv went public, VPE Holdings had certain customary contractual rights as a minority stockholder at the time of the SPO. For example, VPE Holdings had the right to nominate up to two directors to Vertiv's nine-person board because it owned 15.9% of the outstanding common stock.  *Id.* ¶ 252.  In addition, VPE Holdings could appoint certain of its board nominees to committees of the board of directors.  *Id.* Also, under the Registration Rights Agreement, VPE Holdings had the right to: (i) have Vertiv cooperate in "shelf takedown" offerings of VPE Holdings' Vertiv shares, (ii) select an underwriter for the offering, and (iii) participate in the preparation of any offering materials.  *Id.* ¶ 254.

## III.    LEGAL STANDARD

To establish a prima facie case of control person liability under Section 15 of the Securities Act, 15 U.S.C. § 77*o*, a plaintiff must plead (1) a primary violation of the Securities Act by the controlled person, (2) control of the primary violator by the defendant, and (3) that the "defendant was, in some meaningful sense, a culpable participant in the controlled person's fraud."  *Wandel v. Gao*, 590 F. Supp. 3d 630, 647 (S.D.N.Y. 2022).

---

[3] Plaintiffs generically refer to "Platinum Equity" and incorrectly allege that it was a Vertiv stockholder.  *See, e.g.*, AC ¶ 254 ("Platinum Equity's Vertiv shares").  However, VPE Holdings was the actual owner of Vertiv stock, not any of the other Platinum Defendants.  *See, e.g.*, Ex. 15, Vertiv, Annual Report (Form 10-K) at 69 (defining VPE Holdings as the "Vertiv Stockholder").

## IV.    ARGUMENT

Most simply, Plaintiffs fail to state a Section 15 claim against the Platinum Defendants because, as shown in the Vertiv Motion, they have not properly pled an underlying primary violation of Section 11 or 12(a)(2).  *See Garnett v. RLX Tech. Inc.*, 2022 WL 4632323, at *29 (S.D.N.Y. Sept. 30, 2022).  The Complaint also fails to plead the other two elements of a control person claim.

### A.    Plaintiffs Have Failed To Adequately Plead Control

The Second Circuit has defined control as "the power to direct or cause the direction of the management and policies of [the primary violators], whether through the ownership of voting securities, by contract, or otherwise."  *In re Lehman Bros. Mortg.-Backed Sec. Litig.*, 650 F.3d 167, 185 (2d Cir. 2011).  "[T]he power to direct the management and policies of a person must be a real, de facto power and not just de jure."  *In re Glob. Crossing, Ltd. Sec. Litig.*, 2005 WL 1907005, at *12 (S.D.N.Y. Aug. 8, 2005).  Notably, "the power to influence managerial decisions is not the same as power to direct the management and policies of the primary violator."  *In re BioScrip, Inc. Sec. Litig.*, 95 F. Supp. 3d 711, 740 (S.D.N.Y. 2015).[4]  This means that Plaintiffs must allege how each Platinum Defendant "possessed the power to direct or cause the direction of the management" of the primary violator and the manner in which the defendant exercised that power.  *See In re Glob. Crossing*, 2005 WL 1907005, at *12–13.

Plaintiffs have failed to do so.  Indeed, Plaintiffs allege only that VPE Holdings (i) was a minority stockholder in Vertiv, (ii) had the authority to appoint certain board members, and (iii) held certain transactional rights under the Registration Rights Agreement.  AC ¶¶ 251–54.  Such generic allegations—whether viewed individually or collectively—are routinely rejected as insufficient to allege actual control.

---

[4] "Because the control person provisions under the 1933 and 1934 Acts are 'roughly parallel,' in the Second Circuit, the definition of 'control' under § 15 and § 20(a) is the same and has been analyzed as such."  *Ho v. Duoyuan Glob. Water, Inc.*, 887 F. Supp. 2d 547, 578 (S.D.N.Y. 2012).

**First**, at all relevant times, VPE Holdings was just a minority stockholder.  VPE Holdings owned just 38% of Vertiv at the start of the Class Period, reduced this stake to 15.9% just prior to the SPO, and then dropped it to 10.6% following the completion of the SPO.  *Id.* ¶ 251.  Courts in the Second Circuit have consistently held ownership of less than 50% of a company's stock does not establish control.  *See, e.g.*, *In re Weight Watchers Int'l Inc. Sec. Litig.*, 504 F. Supp. 3d 224, 263 (S.D.N.Y. 2020) (dismissing control person claims against defendant with "approximately 46.3% of the total voting shares"); *In re China Valves Tech. Sec. Litig.*, 979 F. Supp. 2d 395, 414 (S.D.N.Y. 2013) ("34 percent ownership does not qualify [defendant] as a control person"); *In re BioScrip*, 95 F. Supp. at 740 (dismissing Section 15 claim against defendant that "own[ed] about a quarter of the company's common stock").

**Second**, at the time of the SPO (when the Platinum Defendants allegedly exercised control) VPE Holdings could nominate just two directors to Vertiv's nine-person board because it owned only 15.9% of Vertiv's stock.  This minority presence on Vertiv's board may have given VPE Holdings "a great deal of sway over [Vertiv], but that alone does not rise to the level of actual control."  *In re BioScrip*, 95 F. Supp. 3d at 740 (dismissing Section 20(a) claim against defendant that had ability to appoint two of eight directors); *see also In re Flag Telecom Hldgs., Ltd. Sec. Litig.*, 352 F. Supp. 2d 429, 459 (S.D.N.Y. 2005) (same).  As Judge Lynch has held, "[a]llegations that a person was one of multiple directors of the primary violator does not raise an inference of control over that entity[,] . . . neither does a party's ability to appoint or elect a director to the board constitute control of the company by the party appointing that director."  *In re Glob. Crossing*, 2005 WL 1907005, at *13 (dismissing Section 15 claims against two minority stockholders, with right to appoint two of twelve directors).

**And third**, VPE Holdings' contractual rights with respect to the SPO did not give the Platinum Defendants the ability to control Vertiv's statements. Vertiv did not relinquish its right to decide what statements to make or not make in its Offering Materials. Since Plaintiffs' claims are not based upon the mere event of the SPO, but rather the statements Vertiv made in connection with the SPO, they must allege facts to establish that the Platinum Defendants controlled what Vertiv said. *See In re Smith Barney Transfer Agent Litig.*, 884 F. Supp. 2d 152, 166 (S.D.N.Y. 2012) ("[Plaintiff's control person] allegations are unavailing because they focus exclusively on [defendant's] 'control person status' rather than [defendant's] exercise of 'actual control over the matters at issue.'"). The Complaint does not do so; nor could it since Vertiv alone was required to "prepare and file" the Offering Materials. *See, e.g.*, Ex. 31, Registration Rights Agreement § 3.1.1. Without such allegations, Plaintiffs have not pled a Section 15 claim. *See Grupo Verzatec S.A. de C.V. v. RFE Inv. P'rs*, 2019 WL 1437617, at *7 (S.D.N.Y. Mar. 29, 2019) ("[T]he primary violation was made solely on behalf of [the company]. The [complaint] does not allege facts that [] draw a reasonable inference that [alleged controlling stockholder] had control over the misrepresentations in the Agreements and, thus, Plaintiff's allegations fail to meet this standard."); *In re Banco Bradesco S.A. Sec. Litig.*, 277 F. Supp. 3d 600, 669–70 (S.D.N.Y. 2017) (dismissing control person claim against defendant who lacked "actual control over the dissemination of the alleged misstatements that he did not himself make or over the people who drafted or otherwise signed off on those misstatements."); *Flag Telecom*, 352 F. Supp. 2d at 458–59 (same).

In sum, Plaintiffs' allegations about the Platinum Defendants are consistently found insufficient to establish actual control. *See, e.g.*, *Ho*, 887 F. Supp. 2d at 580–81 (dismissed defendant owned 20% of company, appointed a director, and had the right to approve certain corporate action); *Weight Watchers*, 504 F. Supp. 3d at 265 (dismissed defendant held 46.3% of company's voting power through voting agreement, appointed multiple board members, and had power to influence company's statements); *Flag Telecom*, 352 F. Supp. 2d at 458–59 (dismissed defendant owned 30% of company's stock, had the right to appoint three of nine directors, and allegedly strongarmed company into entering into ventures for the defendant's benefit).

**B.      Plaintiffs Fail To Allege That The Platinum Defendants Were Culpable Participants**

Plaintiffs must also "'allege particularized facts' of the defendants' 'culpable participation in the fraud perpetrated by the controlled person.'"  *Weight Watchers*, 504 F. Supp. 3d at 264.  This requires Plaintiffs to allege something "at least approximating recklessness in the section 10(b) context," *id.*, which is an "extreme departure from the standards of ordinary care to the extent that the danger was either known to the defendant or so obvious that the defendant must have been aware of it."  *State Univs. Ret. Sys. of Ill. v. Astrazeneca PLC*, 334 F. App'x 404, 407 (2d Cir. 2009) (citation omitted).

The Complaint, however, is devoid of any factual allegations that the Platinum Defendants either knew of the falsity of the alleged misstatements or that they acted in a way that they must have known of the alleged falsity.  Indeed, the Complaint alleges only that the Platinum Defendants "signed or authorized the signing of the Registration Statement" and "otherwise participated in the process that allowed the SPO to be successfully completed."  AC ¶ 280.  Of course, none of the Platinum Defendants signed the Registration Statement.  But even accepting as true the other allegations, neither suggests that the Platinum Defendants did anything wrong at all, much less acquiesced in making any alleged misstatement.  *See Weight Watchers*, 504 F. Supp. 3d at 265 (dismissing Section 15 claims against certain defendants, in part, because there was no culpable participation); *see also P. Stolz Fam. P'ship, L.P. v. Daum*, 166 F. Supp. 2d 871, 873–74 (S.D.N.Y. 2001) (dismissing Section 15 claims for failing to "allege, at a minimum, meaningful culpable conduct [by defendant]"), *rev'd on other grounds*, 355 F.3d 92 (2d Cir. 2004).

**V.      CONCLUSION**

For these reasons, the Platinum Defendants respectfully request that Plaintiffs' Section 15 claim against the Platinum Defendants be dismissed in its entirety with prejudice.

Dated: January 20, 2023

Respectfully Submitted,

**LATHAM & WATKINS LLP**

/s/ J. Christian Word
J. Christian Word (*pro hac vice*)
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Email: christian.word@lw.com

Ryan M. Schachne (*pro hac vice*)
1271 Avenue of the Americas
New York, N.Y. 10020
Telephone: (212) 906-1200
Email: ryan.schachne@lw.com

*Attorneys for Defendants VPE Holdings, LLC,
Vertiv JV Holdings LLC, PE Vertiv Holdings
LLC, Platinum Equity, LLC, Platinum Equity
Investment Holdings, LLC, Platinum Equity
Investment Holdings Manager, LLC, Platinum
Equity Investco, L.P., Platinum Equity
Investment Holdings IC (Cayman), LLC,
Platinum Investco (Cayman), LLC, Platinum
Equity Investment Holdings III, LLC, and
Platinum Equity Investment Holdings
Manager III, LLC*