**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

*In re Vertiv Holdings Co. Securities Litigation*

Case No. 1:22-cv-03572-GHW-OTW

**THE PLATINUM DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF AND JOINING IN DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' AMENDED CONSOLIDATED COMPLAINT[1]**

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Platinum Defendants' opening memorandum, Dkt. No. 56 ("Platinum MTD"). The Platinum Defendants also join in, adopt, and incorporate by reference the arguments made in Vertiv's Reply Memorandum of Law in Further Support of Defendants' Motion to Dismiss the Amended Consolidated Complaint.

Plaintiffs largely ignore the Platinum Defendants' arguments and authority demonstrating that the Complaint fails to plead any facts that show that the Platinum Defendants controlled Vertiv's alleged violations of the Securities Act.  Indeed, Plaintiffs do not address in any meaningful way the crucial facts that, at the time of the alleged misstatements, the Platinum Defendants owned just 15.9% of Vertiv's stock, only appointed two of the nine directors, and did not have any contractual right to direct Vertiv's statements.  And because they ignore these facts, they similarly ignore the multitude of decisions from courts in the Second Circuit holding that control has not been pled in similar situations.  *See* Platinum MTD at 3–5.  Independently, Plaintiffs also do not dispute that the Complaint fails to plead that the Platinum Defendants were culpable participants in the alleged securities violations.  *Id.* at 6.  As shown in the opening brief, Plaintiffs' Section 15 control person claims against the Platinum Defendants should be dismissed for these reasons.

Instead of engaging on these pertinent issues, Plaintiffs make three arguments.  *See* Dkt. No. 59 ("Opp.") at 49–50.  *First*, Plaintiffs misconstrue this Court's holding in *In re Tufin Software Technologies Ltd. Securities Litigation*, 2022 WL 596861 (S.D.N.Y. Feb. 25, 2022) to suggest they need not plead control at all.  Opp. at 49.  But unlike the Platinum Defendants, the defendants in *Tufin* did not contest that plaintiffs adequately alleged control.  *Tufin*, 2022 WL 596861, at *11. As a result, merely pleading the underlying primary violation is insufficient to plead control, just as this Court explained in *Tufin*.  *Id.* ("To establish § 15 liability, a plaintiff must show a 'primary violation' of § 11 and control of the primary violator by defendants.").[2]

---

[2] Plaintiffs also have not pled an underlying violation of Section 11 or 12 for the reasons stated in Vertiv's briefs.

*Second*, Plaintiffs argue that the control person inquiry "***generally*** should not be resolved on a motion to dismiss."  Opp. at 49 (quoting *In re BioScrip, Inc. Sec. Litig.*, 95 F. Supp. 3d 711, 741 (S.D.N.Y. 2015) (emphasis added)).  Plaintiffs neglect to note, however, that the *BioScrip* court dismissed the control person claim against a minority stockholder private equity firm and fail to respond to the abundant authority dismissing similar claims.  *See* Platinum MTD at 4–6.[3]

*Third*, Plaintiffs argue that the Platinum Defendants formerly had control over Vertiv and retained some ability to influence certain corporate action "requiring stockholder approval."  Opp. at 49–50.  Implicit in this argument is an admission, however, that the Platinum Defendants did not have actual control over Vertiv or its SEC filings at the time of the alleged securities law violations.  *See* Platinum MTD at 5 (citing cases holding plaintiffs must allege actual control with respect to the alleged misconduct).  And Plaintiffs do not dispute that "influence" is not a proxy for control.  *BioScrip*, 95 F. Supp. 3d at 740 ("[T]he power to influence managerial decisions is not the same as power to direct the management and policies of the primary violator.").

Contrasted with the Platinum Defendants' expansive and analogous authority from within the Second Circuit, Plaintiffs have failed to identify any persuasive authority to support their argument that the allegations about the Platinum Defendants are sufficient to plead control.  Indeed, they cite only one decision from this Circuit, *Gruber v. Gilbertson*, 2022 WL 4232834 (S.D.N.Y. Sept. 14, 2022), but in that case the alleged control person was "involved in selecting [a company's] entire board of directors—composed in significant part by family friends—as well as at least two" of its CEOs.  *Id.* at *13.  The Platinum Defendants, in stark contrast, could only

---

[3] The other case cited by Plaintiff in support of this position, *Francisco v. Abengoa, S.A.*, 559 F. Supp. 3d 286, 323 (S.D.N.Y. 2021), involved a motion for leave to amend and the defendant did not make an independent challenge to the control claim.

appoint two of the nine directors and lacked the ability to select (i.e., hire or fire) Vertiv's CEO.[4] Contrary to Plaintiffs' conclusory assertion, there is no basis to infer that the Platinum Defendants' 15.9%—and shrinking—ownership stake and two appointed directors gave them board level control such that they could "oust" anyone in management.  Opp. at 43.  The pled facts in this case simply do not support any reasonable inference that the Platinum Defendants controlled Vertiv based on the law of this Circuit.

In addition to failing to plead control, Plaintiffs concede that they have not pled facts showing that the Platinum Defendants were culpable participants in the alleged misconduct. Plaintiffs argue, however, that they are not required to do so.  Opp. at 50 n.22.  District Courts in the Second Circuit are split on whether a plaintiff must plead culpable participation to state a Section 15 claim, but the Platinum Defendants submit that the better reasoned decisions require it. *See* Platinum MTD at 6; *Gutman v. Lizhi Inc.*, 2022 WL 4646471, at *7 (E.D.N.Y. Oct. 1, 2022) (requiring plaintiff to allege "culpable participation in the fraud perpetrated by the controlled person").  Accordingly, Plaintiffs failed to state a Section 15 claim against the Platinum Defendants for this independent reason.

**CONCLUSION**

For these reasons, the Platinum Defendants respectfully request that Plaintiffs' Section 15 claim against the Platinum Defendants be dismissed in its entirety with prejudice.

---

[4] Plaintiffs cite in a footnote two cases from outside the Second Circuit, but neither is analogous. *See* Opp. at 49 n.21.  The cited passage from *Fulton County Employees Retirement System v. MGIC Investment Corp.*, is dicta, and the court ultimately held that there was no control person liability even where the defendant held a 46% interest in the company.  675 F.3d 1047, 1051 (7th Cir. 2012).  And the allegations of control in *In re UTStarcom, Inc. Securities Litigation* showed that the alleged controller was also one of the corporation's largest customers which, along with other facts, gave it control over the conduct at issue.  617 F. Supp. 2d 964, 979 (N.D. Cal. 2009).

Dated: May 15, 2023

Respectfully Submitted,

**LATHAM & WATKINS LLP**

<u>/s/ J. Christian Word</u>
J. Christian Word (*pro hac vice*)
555 Eleventh Street, NW
Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Email: christian.word@lw.com

Ryan M. Schachne
1271 Avenue of the Americas
New York, N.Y. 10020
Telephone: (212) 906-1200
Email: ryan.schachne@lw.com

*Attorneys for Defendants VPE Holdings, LLC, Vertiv JV Holdings LLC, PE Vertiv Holdings LLC, Platinum Equity, LLC, Platinum Equity Investment Holdings, LLC, Platinum Equity Investment Holdings Manager, LLC, Platinum Equity InvestCo, L.P., Platinum Equity Investment Holdings IC (Cayman), LLC, Platinum InvestCo (Cayman), LLC, Platinum Equity Investment Holdings III, LLC, and Platinum Equity Investment Holdings Manager III, LLC*

4