USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/31/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                       :

IN RE VERTIV HOLDINGS CO          :     1:22-cv-3572-GHW
SECURITIES LITIGATION               :
                                       :     <u>ORDER</u>
------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

## I. BACKGROUND

On November 6, 2023 Magistrate Judge Ona T. Wang issued a Report & Recommendation recommending that the Court grant in part and deny in part Defendants' motion to dismiss this action. Dkt. No. 74 (the "R&R"). The Court assumes the reader's familiarity with the R&R, which outlines the legal and factual history of the case.[1]

In the R&R, Judge Wang concluded that several statements identified in Plaintiffs' complaint "meet the standard of Federal Rule of Civil Procedure 9(b) and the PSLRA to survive a motion to dismiss." R&R at 15. Judge Wang categorized those statements as falling into one of two buckets: "1) statements about escalation clauses in large contracts and 2) statements about raising list prices and controlling discounts." *Id.* The R&R then analyzed those categories of disclosures and concluded that statements included within them were actionable. *Id.* at 16-18.

Having concluded that a subset of the allegedly misleading statements identified in the complaint were actionable, Judge Wang decided not to rule on whether the others were also actionable. *Id.* at 15 n. 6 ("Because the seven statements discussed *infra* meet the standard to move past the motion to dismiss stage to discovery, I have not reached the other statements . . . ."). At the

---

[1] Defined terms used without definition in this order have the meaning specified in the R&R.

same time, Judge Wang acknowledged that some of those other statements "may not, on their own, clear the Rule 9(b) bar to survive a motion to dismiss." *Id.*

The R&R concluded that Plaintiffs had adequately pleaded scienter because "the circumstantial allegations in Plaintiffs' complaint sufficiently indicate conscious misbehavior on the part of Defendants." R&R at 20.[2] As a result, the R&R recommended that Defendants' motion to dismiss Plaintiffs' claims under Section 10(b) and Rule 10b-5 be denied. The R&R also recommended that Defendants' motion to dismiss Plaintiffs' Section 20(a) claims against the Officer Defendants be denied because, among other things, "Plaintiffs have shown that each of the Officer Defendants was a 'control person.'" *Id.* at 21.

By contrast, the R&R recommended that all of Plaintiffs' claims under Sections 11, 12(a)(2) and 15 of the Securities Act be dismissed. *Id.* at 22-25. The R&R concluded that none of the statements underpinning Plaintiffs' Section 11 claim were misleading. *Id.* at 23. Plaintiffs' claims under Section 12(a)(2) and 15, which relied on that predicate claim under Section 11, failed as a result.

Defendants filed timely objections on December 8, 2023 (the "Objections"). Dkt. No. 81. Plaintiffs did not file objections to the R&R. Unsurprisingly, Defendants take no issue with the R&R's recommendation that Plaintiffs' claims under Sections 11, 12(a) and 15 of the Securities Act be dismissed. However, Defendants attack the R&R's conclusions regarding the sufficiency of the pleading with respect to the categories of statements that the R&R concluded were actionable. Objections at 14–22.

Moreover, Defendants take issue with the fact that the R&R does not address many of the statements identified in the complaint as the predicate for Plaintiffs' claims. *Id.* at 22. They ask for a

---

[2] The R&R suggested that Plaintiffs' pleadings did not support a showing of scienter on a "motive and opportunity theory." R&R at 20.

2

ruling from the Court with respect to them. Defendants contend that each of those challenged statements should be dismissed—and assert that analysis of each of the allegedly misleading statements is needed in order to evaluate them. *Id.* Considered individually and in context, Defendants assert, many of the statements identified by Plaintiffs are statements of opinion or puffery, which cannot be the basis for a securities fraud claim.

Plaintiffs filed a response to the Objections on January 12, 2024 (the "Response"). Dkt. No. 84. And the motion was ripe for the Court's consideration on January 23, 2024, when the Court agreed to consider Defendants' reply. Dkt. Nos. 85-1, 86.

## II.   LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within fourteen days of receiving a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).

The Court reviews for clear error those parts of the report and recommendation to which no party has timely objected. 28 U.S.C. § 636(b)(1)(A); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008). When a party timely objects to a magistrate's report and recommendation, a district court reviews, *de novo*, "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "To the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07 Civ. 6865 (LTS)(GWG), 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008); *see also Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage

the district court in a rehashing of the same arguments set forth in the original petition.") (citation and internal quotation marks omitted). "Objections of this sort are frivolous, general and conclusory and would reduce the magistrate's work to something akin to a meaningless dress rehearsal." *Vega v. Artuz*, No. 97 Civ. 3775 (LTS)(JCF), 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002) (citations and internal quotation marks omitted). "The purpose of the Federal Magistrates Act was to promote efficiency of the judiciary, not undermine it by allowing parties to relitigate every argument which it presented to the Magistrate Judge." *New York City Dist. Council of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (citations omitted).

Finally, Federal Rule of Civil Procedure 72(b) provides a district judge the authority not only to "accept, reject, or modify the recommended disposition," but also to "return the matter to the magistrate judge with instructions."

### III. ANALYSIS

No party objected to the R&R's recommendations that Plaintiffs' claims under Section 11, 12(a), and 15 of the Securities Act be dismissed. The Court has reviewed those portions of the R&R for clear error and finds none. Accordingly, the Court adopts Sections III.4–6 of the R&R and dismisses those claims.

The Court is not prepared to adopt or reject the conclusions of the R&R with respect to Plaintiffs' other claims at this time. Instead, the Court returns the matter to the magistrate judge with the instruction that the magistrate judge evaluate each of the allegedly false or misleading statements that underpin the remaining claims individually.

The Court is aware that, as Plaintiffs point out in their Response, some courts have found it to be acceptable to permit a securities fraud case to proceed once one or more actionable statements have been identified without considering the other statements identified in the complaint. *See, e.g.*, *In re Dentsply Sirona, Inc. Sec. Litig.*, No. 18-CV-7253 (NG)(PK), 2023 WL 2682905, at *14 (E.D.N.Y.

4

Mar. 29, 2023) ("Because, as discussed below, Plaintiff has alleged at least some actionable misrepresentations or omissions, it is unnecessary to address every misrepresentation or omission alleged in the Complaint.").[3] As a result, the Court does not believe that it was error for Judge Wang to decline to evaluate all of the statements in the complaint individually here.

But it is the Court's view that the Court should evaluate each allegedly false or misleading statement individually in this case. *See, e.g., Greco v. Qudian Inc.*, No. 1:20-CV-577-GHW, 2022 WL 4226022, at *11 (S.D.N.Y. Sept. 13, 2022) ("For purposes of this opinion, the Court will follow the structure of the complaint and address the parties' arguments regarding each of the five buckets in turn. However, the Court cannot resolve Defendants' motion solely by analyzing the buckets; instead, analysis of each of the specific, stand-alone statements is required."). Doing so steeps the Court's analysis of each statement in the context in which it was made, among other salutary effects.

The Court believes that adopting this approach will be beneficial in this case for a number of reasons. First, the R&R does not identify with specificity the statements that fall into the two categories of statements that the R&R concludes to be actionable. As a result, the parties disagree about which statements fit into those categories. *See* Response at 12 ("Defendants claim that Judge Wang sustained only statements Defendants made on April 28, May 26, July 28, and November 16 . . . . Defendants' argument is wrong and ignores significant portions of Judge Wang's R&R."). A supplemental report would identify the relevant statements and eliminate this unnecessary dispute

---

[3] The case law that supports this approach, however, may rest on a shaky foundation. To support this conclusion, the court in *In re Dentsply Sirona, Inc. Sec. Litig.* relied on the opinion issued in *In re MF Glob. Holdings Ltd. Sec. Litig.*, 982 F. Supp. 2d 277, 318 (S.D.N.Y. 2013). In that case, the court wrote the following: "The Court sees no need to resolve those disputes at this time; because the CAC pleads at least some misstatements sufficient to survive dismissal, 'the Court can evaluate the exact parameters of those claims following discovery, either in connection with a motion for summary judgment or in advance of trial.'" The quoted text came from *Citiline Holdings, Inc. v. iStar Fin. Inc.*, 701 F. Supp. 2d 506, 515 (S.D.N.Y. 2010). In *Citiline*, the court had written the following: "Given the Court's determination that Plaintiffs have stated claims under Items 303 and 503 of Regulation S–K, it need not determine at this time whether they have also stated claims under Regulation S–X. Plaintiffs have stated Securities Act claims; the Court can evaluate the exact parameters of those claims following discovery, either in connection with a motion for summary judgment or in advance of trial." So, at the bottom of this trail of citations, one does not find a case supporting the proposition that a court need not consider each statement in a securities fraud case separately.

5

about the scope of the R&R's conclusions.

Second, there are a substantial number of allegedly false or misleading statements that were not examined in the R&R. Plaintiffs identify sixteen statements that the R&R "recommended denying dismissal without specific discussion." Response at 84-1. Defendants have argued that all of those statements are not legally actionable. The litigation will be streamlined if Defendants' motion with respect to those statements is resolved. The parties should not be required to focus their efforts in discovery—and complex modelling by their experts—on statements that are not actionable as a matter of law. The Court would benefit from a supplemental report with recommendations regarding those remaining statements.

Third, identifying the specific statements that are actionable will help the Court evaluate whether Plaintiffs have adequately pleaded scienter. As described above, the R&R found that the complaint adequately pleaded scienter on the basis of circumstantial allegations of conscious misbehavior or recklessness. R&R at 20. "Under Second Circuit case law, recklessness is adequately alleged when a plaintiff 'specifically allege[s] defendants' knowledge of facts or access to information contradicting their public statements.'" *In re PXRE Grp., Ltd., Sec. Litig.*, 600 F. Supp. 2d 510, 535–36 (S.D.N.Y.), *aff'd sub nom. Condra v. PXRE Grp. Ltd.*, 357 F. App'x 393 (2d Cir. 2009) (quoting *Novak v. Kasaks*, 216 F.3d 300, 308 (2d Cir. 2000)). To determine whether a plaintiff has adequately pleaded recklessness, "Second Circuit cases uniformly rely on allegations that [1] *specific* contradictory information was available to the defendants [2] *at the same time* they made their [allegedly] misleading statements." *Id.* at 536 (emphasis in original). Because this test is tethered to the text and timing of each actionable statement, they should be identified.

IV.   **CONCLUSION**

For these reasons, and as laid out in additional detail above, the Court adopts the R&R in part. Plaintiffs' claims under Sections 11, 12(a) and 15 are dismissed. As a result, the "Offering

Defendants" (Defendants Johnson, Fallon, Cote, van Dokkum, Fradin, Kotzubei, Louie, Monser, Reinemund, and Washington), the "Underwriter Defendants" (Defendants J.P. Morgan, Goldman Sachs, and Citigroup), and the "Selling Shareholders" (Defendants VPE Holdings, Vertiv JV Holdings LLC, PE Vertiv Holdings LLC, and Platinum Equity) are no longer defendants in this case.

The Court requests that the assigned magistrate judge provide the Court with an amended Report and Recommendation consistent with this order. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 53.

SO ORDERED.

Dated: January 31, 2024
New York, New York

_____
GREGORY H. WOODS
United States District Judge